Jason A. Geller (SBN 168149)
E-Mail: jgeller@fisherphillips.com
Annie Lau (SBN 302438)
E-Mail: alau@fisherphillips.com
Jorge A. Flores (SBN 33441)
E-Mail: jaflores@fisherphillips.com
Fisher & Phillips LLP
1 Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone:    (415) 490-9000
Facsimile:    (415) 490-9001

Attorneys for Defendant
WESTROCK SERVICES, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENARO SERRATO,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WESTROCK SERVICES, LLC, a California limited liability company; KAREN AZZARA, an individual; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, AND 1446]**<br><br>*(Filed concurrently with Civil Case Cover Sheet; Declarations of Annie Lau; Declaration of Jennifer Colucci; and Declaration of Karen Azzara)*<br><br>State Complaint Filed:        January 6, 2026 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF GENARO SERRATO, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant WestRock Services, LLC ("Defendant"), removes the above-entitled action to this Court from the Superior Court of the State of California, County of Fresno

pursuant to 28 U.S.C. § 1441. Defendant invokes this Court's original jurisdiction under 28 U.S.C. § 1332 (diversity). Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Genaro Serrato ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted.  This removal is based on the following grounds:

## I.　　PROCEDURAL BACKGROUND

1.　　On January 6, 2026, Plaintiff filed a Complaint ("Complaint") in the Superior Court of the State of California, County of Fresno, entitled *Genaro Serrato v. Westrock Services, LLC, a California limited liability company; Karen Azzara, an individual; and DOES 1 through 50, inclusive*, Case No. 26CECG00057 ("State Court Action").  *See* Declaration of Annie Lau in Support of Defendant WestRock Services, LLC's Notice of Removal ("Lau Decl."), ¶ 2, Exhibit A.

2.　　The Complaint asserts eight causes of action: (1) Disability Discrimination; (2) Failure to Provide Reasonable Accommodation; (3) Failure to Engage in the Interactive Process; (4) Retaliation; (5) Harassment Based on Disability; (6) Defamation; (7) Invasion of Privacy; and (8) Wrongful Termination in Violation of Public Policy.

3.　　On January 12, 2026, the Court assigned this matter to the Honorable D. Tyler Tharpe (Department 501) of the Superior Court of California, County of Fresno, Central Division, for all purposes and scheduled a Case Management Conference for July 14, 2026, at 3:00 p.m. in Department 97E. (Lau Decl., ¶ 3, Exhibit B at Notice of Case Management Conference and Assignment of Judge For All Purposes.)

4.　　On January 14, 2026, Plaintiff served the Complaint, the Summons, Civil Cover Sheet, Notice of Case Management Conference and Assignment of Judge for All Purposes, and Alternative Dispute Resolution Information Packet on Defendant WestRock Services, LLC. (Lau Decl., ¶ 4, *see* Exhibits A & B, *generally*.)

5.　　The Complaint remains Plaintiff's operative pleading in the State Court Action as of the date of the filing of this Notice of Removal. (Lau Decl. ¶ 2.)

6.　　Exhibits A & B constitute all the pleadings that have been filed or served by or on Defendant WestRock Services, LLC in the State Court Action as of the date of the filing of this Notice of Removal. (Lau Decl., ¶ 5.)

DEFENDANT'S NOTICE OF REMOVAL

7. No fictitiously named, "Doe" defendants have been served with a Summons and/or the Complaint in the pending action. (Lau Decl., ¶ 6.)

8. As of the date of this Notice of Removal, individual Defendant Karen Azzara ("Azzara") has not been validly served with the Summons and Complaint in the State Court Action. (*See* Declaration of Karen Azzara ("Azzara Decl.), ¶ 3.) Because no other defendants have been served, they are not required to join or consent to this motion. *See* 28 U.S.C. § 1446(b)(2) (all defendants "who have been properly joined and served must join in or consent to the removal of the action.").

## II.    REMOVAL IS TIMELY

9. Pursuant To 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

10. Plaintiff served Defendant's agent of process at 1000 Abernathy Road, Suite 125, Atlanta, Georgia, 30325-5606 with the Summons and Complaint on January 14, 2026, via personal service. (Lau Decl., ¶ 4; Declaration of Jennifer Colucci in Support of Defendant's Notice of Removal ("Colucci Decl.") at ¶ 3.)

11. Defendant is timely filing this Notice of Removal with this Court on February 13, 2026.

12. No prior Notice of Removal has been filed or made with this Court for relief sought herein.

## III.    NOTICE

13. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiff's counsel and also filed with the Clerk of the County of Fresno Superior Court. All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

## IV.    THE COURT HAS JURISDICTION BASED ON DIVERISTY OF CITIZENSHIP

14. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which provides the district courts shall have original jurisdiction of all civil actions between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.    Plaintiff And Defendant Are Citizens of Different States**

15.    **Plaintiff is a Citizen of California.** To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001).

16.    Defendant is informed and believes based on Plaintiff's employee records and the allegations in the Complaint, that Plaintiff was, at the time this action commenced, and still is, a resident and citizen of the State of California. (Colucci Decl., ¶ 7.) As of the date of his filing the lawsuit, Plaintiff was a resident of Fresno, California. (Lau Decl., ¶ 2, Exhibit A, ¶¶ 2 & 9.) Further, Plaintiff identified himself as a California resident in documents and records he submitted to Defendant. (Colucci Decl., ¶¶ 6, 7.) Plaintiff was a resident of the State of California throughout his employment with Defendant, which began on October 31, 2007. (*Id.* at ¶ 7.) Plaintiff listed his city of residence as Fresno, California in several new hire documents. (*Id.*)

17.    Further, Defendant is informed and believes and thereon alleges that Plaintiff has the intent to remain in California and is a citizen of California. *See, e.g., Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address). Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

18.    **Defendant is a citizen of Georgia and Delaware.**  For diversity purposes, a limited liability company is deemed to be a citizen of any state in which any member of the company is a citizen. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

19.    Defendant is a limited liability company, organized and existing under the laws of the State of Georgia.  (Colucci Decl. ¶ 5.)  Its sole member is WRKCo, Inc. (*Id.*)

20.    WRKCo, Inc. is a corporation. (*Id.*)  Its principal place of business is in the State of Georgia, and it is incorporated in Delaware. (*Id.*)  A corporation is deemed to be a citizen of any state

Case No.:
DEFENDANT'S NOTICE OF REMOVAL

where it has been incorporated and of the State where it has its "principal place of business." *See* 28 U.S.C. § 1332I(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-99, "the phrase 'principal place of business' in § 1332I(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

21. Therefore, Defendant is a citizen of Georgia and Delaware.

22. **Individual Defendant Azzara has not been served.** As discussed above, individual Defendant Karen Azzara has not been served and is not required to join this motion. To the extent Plaintiff argues that the State Court Action may not be removed because certain of "the parties in interest properly joined and served as defendants [are] citizen[s] of the state in which such action is brought," that argument fails because none of the defendants who are citizens of California have been served with the Complaint. Courts in this district and its sister courts have repeatedly held that a non-served defendant's failure to join a Notice of Removal does not render the removal defective. *See Hernandez v. Ignite Restaurant Group, Inc.*, 917 F.Supp.2d 1086, 1089 (E.D. Cal. 2013); *See Dechow v. Gilead Scis., Inc.,* 358 F.Supp.3d 1051, 1054 (C.D. Cal. 2019); *Zirkin v. Shandy Media, Inc.*, No. 218CV09207ODWSSX, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019) ("the Forum Defendant Rule only attaches if a plaintiff properly joins *and* properly serves at least one in-state defendant. This clear language is not open to multiple interpretations") (emphasis added).

23. Here, despite having the ability to serve individual Defendant Karen Azzara since January 6, 2026, Plaintiff has not done so, and, thus, individual Defendant Karen Azzara has not been joined *and* served. Accordingly, removal is warranted.

24. Based on the foregoing, this action is one between "citizens of different States" in accordance with 28 U.S.C. § 1332(a).

**B.     Plaintiff Has Fraudulently Joined Defendant Azzara**

25. Regardless of Azzara's citizenship status, a non-diverse defendant named in a state court action is disregarded for diversity jurisdiction purposes if the Court determines that the defendant's joinder in the litigation is a "sham" or "fraudulent" in that no valid cause of action has been stated against that defendant. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). "It is

commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.* 139 F.3d 1313, 1318 (9th Cir. 1998). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Where, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff cannot recover against the party whose joinder is questioned, the joinder is considered fraudulent. *Calero v. Unisys Corp.*, 271 F.Supp.2d 1172, 1176 (N.D. Cal. 2003).

26.    Plaintiff names Azzara as a defendant to his fifth cause of action for harassment in violation of FEHA, sixth cause of action for defamation, and seventh cause of action for invasion of privacy. *See* Exhibit A, *generally*. As to the harassment claim, Plaintiff only attributes a single act – that Azzara purportedly contacted Plaintiff's physician – as the basis for severe and pervasive harassment. However, this allegation describes a personnel management decision regarding accommodations. Such actions cannot constitute harassment as a matter of law. "Commonly necessary personnel management action such as hiring and firing, job or project assignments, … promotion or demotion … do not come within the meaning of harassment." *See Lawler v. Montblanc N. AM, LLC,* 704 F.3d 1235, 1244-45 (9th Cir. 2013) (*citing Reno v. Baird*, 18 Cal.4th 640 (1988); *see also Roby v. Mckesson Corp.*, 47 Cal.4th 686, 706-707 (2009)). In determining what constitutes "sufficiently pervasive" harassment, courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial; rather Plaintiff must show a concerted pattern of harassment of a repeated, routine, or a generalized nature. *See Jones v. Department of Corrections & Rehabilitation,* 152 Cal.App.4th 1367, 1376-1377 (2007) ("The conduct must be extreme: simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment)'").

27.    As to Plaintiff's sixth cause of action for defamation, Plaintiff has not satisfied all of the essential elements for defamation.[1] "Under California law, the defamatory statement must be

---

[1] The elements of a defamation claim include: (1) a publication; (2) that is false; (3) that is defamatory; (4) that is unprivileged; and (5) "that has a natural tendency to injure or that causes special damage." *Bryant v. Lowe's Home Centers, LLC* 628 F.Supp.3d 1036, 1042 (E.D. Cal. 2022), aff'd (9th Cir., Dec. 20, 2023, No. 22-16586).

DEFENDANT'S NOTICE OF REMOVAL

specifically identified, and the plaintiff must plead the substance of the statement. Even under the liberal federal pleading standards, general allegations of the defamatory statements that do not identify the substance of what was said are insufficient." *Norsat Int'l v. B.I.P. Corp.*, No. 12-cv-674-WQH, 2013 WL 5530771, at *5 (S.D. Cal. Oct. 3, 2013) (quoting *Scott v. Solano Cty. Health & Soc. Servs. Dep't*, 459 F.Supp.2d 959, 973 (E.D. Cal. 2006)). Here, Plaintiff fails to identify the specific statements made by Azzara as he broadly alleges that Azzara expressly stated *or clearly implied* that he was manipulating and coercing his medical providers. This is insufficient to state a claim for defamation. Further, any communication between Azzarra as Defendant's Human Resources representative and Plaintiff's medical provider is a privileged publication pursuant to Cal. Civ. Code § 47(C) as Defendant and Plaintiff's medical provider have the requisite "common interest" in Plaintiff's medical accommodations.

28. Similarly, Plaintiff's seventh cause of action for invasion of privacy fails. "[T]he plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant. If voluntary consent is present, a defendant's conduct will rarely be deemed 'highly offensive to a reasonable person' so as to justify tort liability." *Garrett v. Young*, 109 Cal.App.4th 1393, 1410–1411 (2003). Here, Plaintiff argues that Azzara invaded his privacy by calling his medical provider to inquire about Plaintiff's accommodation. However, Plaintiff concedes that he disclosed to Azzara his medical condition and need for accommodation. "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 37 (1994). It cannot be said that an employer contacting an employee's medical provider to inquire about workplace accommodations is an egregious breach of the social norms underlying the right to privacy.

29. Accordingly, there are no causes of action properly pled against Azzara. Thus, the Court should find Plaintiff fraudulently joined Azzara as a sham defendant.

///

///

Case No.:
DEFENDANT'S NOTICE OF REMOVAL

**C.    The Amount in Controversy Exceeds $75,000**

30.    Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. 28 U.S.C. §1332(a). Plaintiff's Complaint does not specify an amount in controversy but, instead, concedes that the potential amount of damages exceed $35,000. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (courts may consider Complaints statements in defendant's notice of removal in assessing removal jurisdiction).

31.    In determining whether the amount in controversy exceeds $75,000, exclusive of interest costs, the Court must presume the plaintiff will prevail on each and every one of his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

32.    Attorneys' fees also may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945; *see also,* Alvarado v. Home Depot U.S.A., Inc., No. 18CV611-MMA (NLS), 2018 WL 2716295, at *3 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy).

33.    Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a

preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

34.     Plaintiff seeks and, in the event Plaintiff prevails on every one of his claims, may arguably recover, compensatory damages, general damage, special damages, punitive damages, civil penalties, cost of suit, and attorneys' fees and expenses. (Lau Decl., ¶ 2, Exhibit A at Complaint, "Prayer for Relief".)

35.     **Compensatory damages in controversy are at least $71,101.60.** At the time his employment ended, Plaintiff was a full-time employee, with an annual earning of approximately $60,611.20, which is an average of $1,165.60 per week, excluding overtime pay.[2] (Colucci Decl., ¶ 7.)

36.     Based on the latest publicly-available Federal Court Management Statistics, published by the United States government, in the Eastern District of California, the current median time from filing to trial in a civil action is 64.6 months. (Lau Decl., ¶ 9, Exhibit C.) Plaintiff filed the instant action on January 6, 2026. (Lau Decl., ¶ 2, Exhibit A.) Assuming that a trial date will be scheduled at least 64 months from the date the State Court Action was filed, the projected trial date would be May 6, 3031. From the date of Plaintiff's separation of employment on November 4, 2025, (Colucci Decl., ¶ 7.) to the projected trial date of May 6, 2031, approximately (5) five years, (6) six months and (2) days (which is 287 weeks) will have passed. Based on Plaintiff's weekly earnings, without conceding that Plaintiff is entitled to any damages or attorneys' fees, he could potentially recover well over $334,527.20 in lost wages, alone.[3]

37.     Assuming, *arguendo*, that the Court were able to provide a trial date as soon as one (1) year from the date of filing of the Complaint in state court (January 6, 2026), the projected trial date would be January 6, 2027. From the date of Plaintiff's separation of employment to the projected trial date of January 6, 2027, approximately (1) one year, (2) two months, and (2) two days (which is 61 weeks) will have passed. Under the latter particularly favorable, albeit extremely unlikely, trial-setting scenario, without conceding that Plaintiff is entitled to any damages or attorneys' fees, Plaintiff could potentially recover over $71,101.60 in lost wages, alone.[4] Notably, this amount does not account for any potential recovery for future lost earnings, which Plaintiff seeks. (Lau Decl. ¶ 2, Exhibit A, "Prayer for Relief"). *See*

---

[2] Plaintiff's annual earnings were calculated by multiplying his hourly rate of $29.14 by a 40-hour work week and multiplying that number by 52 work weeks a year ($29.14 hourly rate x 40 hours = $1,165.60 per week x 52 weeks = $60,611.20 annual earnings).

[3] Calculated by multiplying Plaintiff's weekly earnings of $1,165.60 x 287 weeks.

[4] Calculated by multiplying Plaintiff's weekly earnings of $1,165.60 x 61 weeks.

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy.").

38.   **Emotional distress damages in controversy are at least $35,550.80.** Plaintiff also alleges emotional distress, for which he seeks to recover general damages. (Lau Decl., ¶ 2, Exhibit A, ¶ 34 and "Prayer for Relief".) General damages (i.e., damages for emotional distress) are included in the amount in controversy. *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1034 (2002). Even if Plaintiff is awarded only half of his estimated lost wages for emotional distress, Plaintiff could potentially recover approximately $35,550.80.[5]

39.   Indeed, plaintiffs alleging emotional distress as a result of employment disputes regularly seek in excess of $75,000 in such damages. See *Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress damages); *Azzolin v. San Bernardino Cnty. Sherriff's Dept.*, No. CIVDS1206805, 2014 WL 4705874, at *2 (Cal. S. Ct. Aug. 4, 2014) (emotional distress award of $250,000 where plaintiff was fired after developing seizures and brought claims for disability discrimination, failure to engage in the interactive process, and failure to accommodate); see also *Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims); *Lopez v. Canton Food Co. Inc.*, 2024 WL 4068850 (awarding $120,000 in noneconomic damages, including mental suffering where plaintiff sought accommodations due to his medical conditions (diabetes and physical injury) and alleged claims for disability discrimination, failure to accommodate, retaliation and wrongful termination).

40.   **Further, Plaintiff's alleged entitlement to punitive damages, alone, are likely to exceed $75,000.** Plaintiff also seeks punitive damages, which are included in calculating the amount in controversy. (Lau Decl., ¶ 2, Exhibit A, ¶ 31 and "Prayer for Relief".) *Davenport v. Mutual Ben. Health & Acc. Ass'n.*, 325 F.2d 785, 787 (9th Cir. 1963); See *Ko v. The Square Grp.*, 2014 WL 8108413 (awarding the plaintiff $500,000 in punitive damages where plaintiff alleged defendant discriminated against her for requesting medical leave and wrongfully terminated her.); *Rodriguez v. Valley Vista Services Inc. et al.*, 19

---

[5] Calculated by dividing the projected lost wages of $71,101.60 by 2.

Trials Digest 16th 12, 2013 WL 2102714 (awarding $16,570,261 in punitive damages when the plaintiff alleged that the defendant's actions constituted disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and wrongful termination.); *Weerasignhe v. Cedars-Sinai Med. Ctr.*, 2024 WL 5077923 (awarding $2,500,000 in punitive damages where plaintiff sought accommodations due to a  medical condition (diabetes) and alleged claims for, *inter alia*, disability discrimination, failure to accommodate, failure to engage in the interactive process and retaliation.)

41. **Attorneys' fees are likely to exceed $75,000.** Plaintiff also seeks attorneys' fees. (Lau Decl., ¶ 2, Exhibit A, "Prayer for Relief".) The amount in controversy may include attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See e.g.*, *Simmons, supra,* 209 F. Supp. 2d at 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Galt G/S, supra,* 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035.

42. Plaintiff's attorneys in this case are Warren Paboojian ("Mr. Paboojian"), Adam Stirrup ("Mr. Stirrup"), and Jacob Sarabian ("Mr. Sarabian"). Mr. Paboojian, Mr. Stirrup, and Mr. Sarabian have each been admitted to practice law in California since 1987, 2008, and 2018, respectively.  (Lau Decl., ¶ 9, Exhibits D-E.) Applying a conservative hourly rate of $550 per hour for each of Plaintiff's attorneys, which is a reasonable rate for an attorney practicing law in the County of Fresno with at least 8 years of experience, and assuming Plaintiff's attorneys spend a combined total of only 150 hours of attorney time through trial, the total amount of attorneys' fees that would be incurred are $82,500.

43. Moreover, attorneys' fees awards in employment matters often well exceed $75,000.00. *See, e.g. Wysinger v. Auto. Club of S. Cal.,* 157 Cal.App.4th 413, 430-431 (2007) (upholding attorneys' fee award of $978,791 for discrimination/retaliation case that went to trial); *see also Begazo v. Passages Silver Strand, LLC*, 2017 WL 2402841 (Los Angeles Super. Ct., Mar. 3, 2017) (court awarded $375,568

in attorneys' fees to Plaintiff after prevailing on claims for retaliation on the basis of disability and wrongful termination); *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles Super. Ct., Sep. 29, 2010) (approving attorneys' fee award of $159,762.50 in alleged disability discrimination and failure to accommodate case); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego Super. Ct., Sep. 16, 2006) (attorney's fees award of $490,000 for claims including disability discrimination and failure to accommodate). Accordingly, it is reasonable to consider Plaintiff's attorneys' fees amounting to at least $75,000.00 through trial for purposes of calculating the amount in controversy in this action.

44.     Consequently, without conceding that Plaintiff is entitled to any damages or attorney's fees, the amount in controversy in this action for purposes of ordinary diversity is *at least* **$106,652.40**[6] **(**exclusive of attorneys' fees or punitive damages), which is well in excess of the jurisdictional minimum of $75,000.

## V.     <u>VENUE</u>

45.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As stated above, Plaintiff brought this action in California Superior Court, County of Fresno. Thus, venue properly lies in the United States District Court for the Eastern District of California. 28 U.S.C. §§ 84(b), 1441(a).

## VI.    <u>NO ADMISSION</u>

46.     Defendant does not concede in any way that the allegations in the Complaint are accurate, nor does it concede that Plaintiff is entitled to any compensatory or statutory damages, civil penalties, punitive damages, attorneys' fees, or any other relief.

## VII.   <u>DIVERSITY JURISDICTION IS SATISFIED</u>

47.     This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, et seq. and 1446(b), because the action is between citizens of different states and, based on the facts and contentions set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

---

[6] Calculated by adding Plaintiff's compensatory damages of $71,101.60 and emotional distress damages of $35,550.80.

48.     For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq.*

49.     WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Fresno be removed to this Court.

## VIII.   **CONCLUSION**

Based on the foregoing, Defendant requests this action be removed to this Court.  If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its argument that removal is proper.

Dated:  February 13, 2026                                    FISHER & PHILLIPS LLP


                                                             By:*/s/ Jorge A. Flores*
                                                                Jason A. Geller
                                                                Annie Lau
                                                                Jorge A. Flores

                                                                Attorneys for Defendant
                                                                WESTROCK SERVICES, LLC

DEFENDANT'S NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 years, employed in the County of San Francisco, State of California, and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and its business address is 1 Montgomery Street, Suite 3400, San Francisco, California 94104.

On February 13, 2026, I served the following document entitled **DEFENDANT'S NOTICE OF REMOVAL** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Warren R. Paboojian, Esq.<br>Adam S. Stirrup, Esq.<br>PABOOJIAN, INC.<br>720 West Alluvial Avenue<br>Fresno, California 93711 | ***Attorneys for Plaintiff Genero Serrato***<br><br>Telephone: 559-431-5366<br>Email: wrp@paboojianlaw.com<br>abs@paboonjianlaw.com |
| Jacob S. Sarabian, Esq.<br>Sarabian Law, A.P.C.<br>7471 N. Remington Ave., Suite 101<br>Fresno, California 93711 | Telephone: 559-710-1201<br>Email: jsarabian@sarabianlaw.com |

☒ **[by MAIL]** – I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice the enclosed document(s) will be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above. The fax machine used reported no errors.

☐ **[by ELECTRONIC SERVICE]** - Pursuant to an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the State of California at whose direction the service was made.

Executed on February 13, 2026, at San Francisco, California.

_____
Niya Williams

CERTIFICATE OF SERVICE

FP 61771013.3